United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ALIREZA TAMIMIARABZADEH,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00090 |
| | § | |
| **U.S. DEPARTMENT OF JUSTICE, et al.,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1). Petitioner is pro se and challenges his continued detention in federal immigration custody.

According to Petitioner's petition, he has been detained since January 21, 2025, and has been transferred to various detention facilities across the country, now fourteen times. (Dkt. No. 1 at 2; *see also* Dkt. No. 9 at 2). The Court ordered Respondents to file a response to the petition. (Dkt. No. 6). The Court also ordered that Respondents "notify Petitioner and the Court of any anticipated or planned transfer or removal of Petitioner outside of the Southern District of Texas at least five (5) days before any such transfer." (*Id.* at 2). Respondents filed a Response to the Petition for Writ of Habeas Corpus Motion to Dismiss for Lack of Improper Venue and Motion for Summary Judgment, (Dkt. No. 9).

In their response, Respondents advise the Court that Petitioner was transferred to a detention facility in Arizona on January 21, 2026. (*Id.* at 2). Respondents also report that Petitioner was scheduled to be removed to Iran on January 25, 2026. (*Id.*). In accordance with the Court's January 23 Order to provide five days' notice before a planned transfer or removal of Petitioner, Respondents did not remove Petitioner because no notice had been provided to the Court. (*Id.*). Though, Respondents assert that Petitioner's removal can be executed in the reasonably foreseeable future because the agency has secured travel documents for his removal. (*Id.* at 3).

Respondents move to dismiss the petition on the basis that Petitioner is lawfully detained, or alternatively, that the venue is improper. (*Id.*). Respondents also request that "the Court amend its January 23, 2026 Order (Dkt. No. 6) so that the Government does not need to give notice before effectuating Petitioner's removal." (*Id.* at 5). The request is made "to ensure there are no further delays in Petitioner's removal." (*Id.*). Additionally, an affidavit included in the response contains a statement from a deportation officer that "there are no impediments to removing Petitioner except for the Court's Order." (Dkt. No. 9-1 at 2).

The Court clarifies its prior order, which remains in place. While the petition and Respondents' motion to dismiss are pending, **Respondents are not enjoined** from removing or transferring Petitioner. Rather, Respondents are only ordered to provide five days' notice to Petitioner and the Court before any such transfer or removal. The Court's Order only impedes Petitioner's removal to the extent that the removal must be planned more than five days in advance.

The Clerk of Court is **DIRECTED** to mail this Order to Alireza Tamimiarabzadeh, by regular mail and any receipted means, at the following address:

Florence Detention Center,
3250 North Pinal Parkway,
Florence, AZ 85132

It is so **ORDERED**.

**SIGNED** on February 6, 2026.

_____
John A. Kazen
United States District Judge