United States District Court
Southern District of Texas

**ENTERED**

March 02, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| ALIREZA TAMIMIARABZADEH, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00090 |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. Respondents move to dismiss the petition for improper venue, and they also move for summary judgment. (Dkt. No. 9). After considering the petition, the motion, and applicable law, the Court concludes that the petition should be **DISMISSED without prejudice as premature**.

As a preliminary matter, the Court has jurisdiction, and venue is proper. Although Petitioner has been transferred several times, he was present within the Southern District of Texas at the time of the Petition's filing. (Dkt. No. 9-1 at 1 ("Petitioner was previously detained at the Rio Grande Detention Center from October 29, 2025, until January 21, 2026."); *see also* Dkt. No. 1 (filed on January 21, 2026)). Accordingly, this Court retains jurisdiction to consider the Petition. *Owens v. Roy*, 394 F. App'x 61, 62–63 (5th Cir. 2010) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004)); *see also Pena Ramirez v. Noem*, No. CV H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (jurisdiction attaches at the initial filing of a habeas petition and is not destroyed by the detainee's subsequent transfer). Respondents' motion to dismiss for lack of venue is **DENIED**.

Turning to the merits, Petitioner is a citizen of Iran. (Dkt. No. 1 at 9). He fled Iran in 2025 and sought asylum in the United States. (*Id.*). He has been detained by immigration authorities since he attempted to enter on January 21, 2025. (*Id.*). He was placed in expedited removal proceedings, and a final order of removal was entered on

September 29, 2025, after an Immigration Judge affirmed an immigration officer's negative fear determination. (Dkt. No. 9-1 at 1; Dkt. No. 9-2).

The court liberally construes pro se pleadings. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Petitioner's only available claim is that he has been subject to prolonged detention. "Detention beyond a reasonable period without a significant likelihood of removal in the foreseeable future is unlawful" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). His supporting facts include that he has been detained since January 21, 2025, and that he has been transferred thirteen times during his past thirteen months in detention. (Dkt. No. 1 at 2).[1] The relief he seeks is immediate release. (*Id.* at 7).

Petitioner's *Zadvydas* claim is not ripe because he has not been in custody for longer than six months since his removal order became final on September 29, 2025. Petitioner has only been detained for five months since he was ordered removed. For this reason, Petitioner does not demonstrate that his detention is unlawful. *See, e.g.*, *Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (finding that a challenge to prolonged detention was premature when petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period"). Because Petitioner has not been in custody past the presumptively reasonable period set forth in *Zadvydas* and does not present facts to overcome the presumption, his petition is dismissed without prejudice as premature. **Petitioner is advised that he may re-file his petition if he has not been removed after the six-month time period has expired.**

For the reasons stated above, the Respondents' Motion for Summary Judgment, (Dkt. No. 9), is **GRANTED**, and the petition, (Dkt. No. 1), is **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner, by regular mail and any receipted means, at Port Isabel Service Detention Center, 27991 Buena Vista Blvd., Los Fresnos, TX 78566.

---

[1] Beyond the seemingly excessive transfers during Petitioner's time in expedited removal proceedings, Petitioner was also transferred in violation of this Court's Order. (Dkt. Nos. 6, 13). While Respondents' counsel represents that he "has reminded his client of the requirement to inform the Court of any future transfers or removal of Petitioner," the Court admonishes Respondents for their violation of the Order. (Dkt. No. 15). The Court expects and requires strict compliance with its Orders.

It is so **ORDERED**.

**SIGNED** on March 2, 2026.

_____
John A. Kazen
United States District Judge